IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| JOHN REDDING and | : | Case No. 10-10018 (SR) |
| GINA REDDING, | : | |
| | : | |
| Debtors | : | |
| | : | |
| JOHN REDDING, | : | Adv. No. |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| LEE LUCKMAN | : | |
| | : | |
| and | : | |
| | : | |
| JIM LAMB, | : | |
| | : | |
| Defendants | : | |

**COMPLAINT OF JOHN REDDING TO DETERMINE THE VALIDITY, PRIORITY,
OR EXTENT OF THE LIEN HELD BY LEE LUCKMAN AND JIM LAMB
AGAINST THE PRIMARY RESIDENCE**

John Redding ("Mr. Redding"), by and through his counsel, the Law Offices of Paul J. Winterhalter, P.C., brings this complaint (the "Complaint") to determine the validity, priority or extent of a lien held by Lee Luckman ("Mr. Luckman") and Jim Lamb ("Mr. Lamb" or collectively with Mr. Luckman the "Defendants") against the primary residence of Mr. Redding. In support of the Complaint, Mr. Redding avers as follows:

1.  This is an adversary proceeding commenced by Mr. Redding pursuant to Federal Rule of Bankruptcy Procedure 7001(2) seeking an Order of this Bankruptcy Court pursuant to Section 506(a)(1) of Title 11 of the United States Code (the "Bankruptcy Code") (1) declaring

the lien of the Defendants on property of Mr. Redding void and (2) removing the lien from the primary residence of Mr. Redding.

## THE PARTIES

2. Plaintiff Mr. Redding is an individual who maintains a permanent residence at 2439 S. Watts Street, Philadelphia, Pa 19148.

3. Defendant Mr. Luckman is an individual who maintains a principal place of business at 16 W. Gay Street, West Chester, PA 19380.

4. Defendant Mr. Lamb is an individual who maintains a principal place of business at 16 W. Gay Street, West Chester, PA 19380.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b).

6. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (K).

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

8. This adversary proceeding was initiated under Federal Rule of Bankruptcy Procedure 7001(2), and the relief requested herein may be ordered pursuant to Section 506(a)(1) of the Bankruptcy Code.

## BACKGROUND

9. Mr. Redding is the owner of real property located at 2439 S. Watts Street, Philadelphia, PA 19148 (the "Property").

10. On January 4, 2010 (the "Petition Date"), Mr. Redding filed a joint voluntary petition for relief with his wife, Gina Redding ("Mrs. Redding"), pursuant to Chapter 13 of the Bankruptcy Code.

11. Mr. and Mrs. Redding stated in their Schedules that the Property had a fair market value of $150,000.00. A true and correct copy of Schedule A is incorporated herein by reference and attached as Exhibit "A."

12. In coming to this determination of fair market value, Mr. and Mrs. Redding referenced a multitude of resources, including the sale prices of similar homes recently sold in the area. True and correct copies of two internet resources are incorporated herein by reference and attached as Exhibits "B" and "C."

13. The Property is subject to three mortgages and two Internal Revenue Service ("IRS") federal tax liens.

14. The first mortgage is held by Saint Edmond's Bank and had a principal balance of approximately $20,130.00 (the "First Mortgage") as of the Petition Date.

15. The First Mortgage was recorded on June 12, 1999. A true and correct copy of the First Mortgage is incorporated herein by reference and attached as Exhibit "D."

16. The second mortgage is held by Susquehanna Bank and had a principal balance of approximately $94,232.39 (the "Second Mortgage") as of the Petition Date.

17. The Second Mortgage was recorded on February 1, 2007. A true and correct copy of the Second Mortgage is incorporated herein by reference and attached as Exhibit "E."

18. The third mortgage is held by Susquehanna Bank and had a principal balance of approximately $52,487.50 (the "Third Mortgage") as of the Petition Date.

19. The Third Mortgage was recorded on October 13, 2007. A true and correct copy of the Third Mortgage is incorporated herein by reference and attached as Exhibit "F."

20. The IRS filed a federal tax lien against the Property in the amount of $105,367.12 on November 21, 2007 (the "First Federal Tax Lien"). A true and correct copy of the First Federal Tax Lien is incorporated herein by reference and attached as Exhibit "G."

21. The IRS filed another federal tax lien against the Property in the amount of $8,666.03 on May 22, 2009 (the "Second Federal Tax Lien"). A true and correct copy of the Second Federal Tax Lien is incorporated herein by reference and attached as Exhibit "H."

22. On July 21, 2009, the Defendants obtained a judgment in the amount of $152,000.00 against Mr. Redding in the Court of Common Pleas of Philadelphia County, Pennsylvania (the "Court of Common Pleas"). A true and correct copy of the Order is incorporated herein by reference and attached as Exhibit "I."

23. According to the Pennsylvania Code, "a judgment when entered in the judgment index shall create a lien on real property located in the county, title to which at the time of entry is recorded in the name of the person against whom the judgment is entered." 231 Pa. Code Rule 3023(a).

24. The Property is located in Philadelphia County, and therefore the judgment entered by the Court of Common Pleas on July 21, 2009 in favor of the Defendants created a lien on the Property.

## COUNT I

25. The foregoing paragraphs of the Complaint are incorporated herein by reference.

26. Section 506(a)(1) of the Bankruptcy Code provides, in part, that "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest…is a secured

claim to the extent of the value of such creditor's interest in the estate's interest in such property…and is an unsecured claim to the extent that the value of such creditor's interest…is less than the amount of such allowed claim."

27. The Property, which had a fair market value of $150,000.00 on the Petition Date, was encumbered by the First, Second, and Third Mortgages, as well as the First and Second Federal Tax Liens.

28. Together, the First, Second, and Third Mortgages and First and Second Federal Tax Liens, which together total $281,063.04, exceeded the fair market value of the Property on the Petition Date, leaving no equity against which the lien of the Defendants could attach.

29. The First, Second, and Third Mortgages, as well as the First and Second Federal Tax Liens, all predate the lien held by the Defendants and are superior to, and take priority over, the lien held by the Defendants.

30. The Property is over encumbered by the First, Second, and Third Mortgages and First and Second Federal Tax Liens and, therefore, the Defendants do not hold a lien against the Property.

WHEREFORE, Mr. Redding respectfully requests that this Honorable Court enter (1) judgment in favor of Mr. Redding and against the Defendants; (2) an Order declaring the lien of the judgment of the Defendants on the Property void; (4) an Order removing the lien from the Property; and (4) such other and further relief as this Honorable Court deems just and proper.

          Respectfully submitted,

          **PAUL J. WINTERHALTER, P.C.**

By:    */s/Corinne M. Samler*
        PAUL J. WINTERHALTER
        CORINNE M. SAMLER
        1717 Arch Street, Suite 4110
        Philadelphia, PA 19103
        Telephone: (215) 564-5050
        Facsimile: (215) 564-5597
        Email: csamler@pjw-law.com

Dated: June 10, 2010